UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN EDWARD BRIDGES,

          Debtor.
_____/

Case No. DK 17-04455
Hon. Scott W. Dales
Chapter 7

TIA CORPORATION, a Michigan
Corporation,

          Plaintiff,

v.

KEVIN EDWARD BRIDGES,

          Defendant.
_____/

Adversary Pro. No. 17-80195

MEMORANDUM OF DECISION & ORDER

PRESENT:    HONORABLE SCOTT W. DALES
                 Chief United States Bankruptcy Judge

This is the second and most recent bankruptcy proceeding of chapter 7 debtor and defendant Kevin Edward Bridges (the "Defendant") within the last year. His next most recent case -- filed under chapter 13 last year -- ended in dismissal without a discharge, but not before TIA Corporation (the "Plaintiff") obtained a judgment from this court declaring his debt to the Plaintiff (and related state court judgment) nondischargeable under 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). When the Defendant filed his current bankruptcy case under chapter 7, the Plaintiff felt compelled to file another complaint against him seeking to except from discharge the same debt, on the same theory, despite the entry of a judgment granting the same relief in the ill-fated chapter 13 case last year.

In the current adversary proceeding, despite proper service,[1] the Defendant failed to answer the Plaintiff's complaint, and the Clerk entered a default. *See* Fed. R. Civ. P. 55(a). As in the first adversary proceeding under § 523(c), the well-pleaded allegations in the current complaint, admitted by default under Fed. R. Civ. P. 8(b)(6), establish a right to relief under § 523(a)(2), (a)(4), and (a)(6). Accordingly, the Plaintiff filed its Application for Entry of Default Judgment (ECF No. 7, the "Motion") under Fed. R. Civ. P. 55, together with an Affidavit in Compliance with Servicemembers Civil Relief Act, dated Feb. 5, 2018 (Exh. C to the Motion), and other exhibits. The Motion in all respects appears ripe for granting.

At the hearing, however, the court inquired about the necessity of entering a second declaratory judgment granting relief identical to the first, given the text of § 523(b). Plaintiff's counsel responded that authority from within and without our circuit raised doubts about the efficacy of the first judgment given the filing of the second bankruptcy case. He cited *Needs v. Buxton (In re Buxton)*, Slip Op. Bankr. No. 05-63823, Adv. No. 06-6013, 2006 WL 3253163 (Bankr. N.D. Ohio Nov. 8, 2006), and *Paine v. Griffin (In re Paine)*, 283 B.R. 33 (9th Cir. BAP 2002). Counsel suggested that bankruptcy courts generally give preclusive effect to prior judgments declaring debts non-dischargeable, but he was uncomfortable relying on § 523(b), presumably worried that § 523(c) as applicable in the present case (and the corresponding rule) might require a renewed request to except

---

[1] Although the Plaintiff served the Defendant at a post-office box, this service nevertheless satisfies Fed. R. Bankr. P. 7004(b)(9), because the address is the one shown on the Defendant's bankruptcy petition and base case docket.

the Defendant's misconduct-related debts from the chapter 7 discharge. *See* Fed. R. Bankr. P. 4007(c) (imposing deadline for filing complaint under § 523(c)).

The court understands the Plaintiff's reluctance to rely solely on § 523(b) without filing a second action because, in the present case, § 523(b) as interpreted by United States Supreme Court, does not expressly provide an automatic exception to the discharge that may be entered in the current case. *See Young v. United States*, 535 U.S. 42 (2002). The reason is simple: the Defendant did not get a discharge in his chapter 13 case. *See* Notice of Chapter 13 Case Closed Without Discharge (ECF No. 59 in MIWB Case No. 17-00719). As the Supreme Court explained:

> The phrase "excepted from discharge" in this provision [§ 523(b)] is not synonymous (as petitioners would have it) with "non-dischargeable." It envisions a prior bankruptcy proceeding that progressed to the discharge stage, from which discharge a particular debt was actually "excepted." It thus has no application to the present case . . .

*Young*, 535 U.S. at 51. In both *Young* and the Defendant's case, the prior chapter 13 cases (upon which the exception to discharge was supposed) were both dismissed before discharge. Therefore, according to the Supreme Court, the debts at issue were never actually "excepted from discharge" because the chapter 13 discharge was never entered. Thus, the high court drew a distinction between the terms "nondischargeable" and "excepted from discharge." *Id.* This interpretation makes reliance on *Paine* problematic because the Paines received a discharge in their first bankruptcy case and the bankruptcy court (after reopening the earlier case) specifically found that their creditors' debt was "excepted from discharge." *See Paine*, 233 B.R. at 35-36.

Unable to rely on § 523(b), which might have been possible had the Defendant received a discharge in his prior case, the Plaintiff was justifiably concerned about the

applicability of § 523(c) and Fed. R. Bankr. P. 4007(c).  Section 523(c) provides that certain

debts, such as the debts at issue in this case and in the Plaintiff's earlier judgment, will be

discharged unless:

> on request of the creditor . . . the court determines such debt to be
> excepted from discharge under paragraph (2), (4), or (6), as the case may
> be, of subsection (a) of this section.

11 U.S.C. § 523(c).  The complaint in this matter alleges that the Defendant owes a debt of

a kind described in § 523(c).  Although the Defendant did not receive a discharge in Case

No. 17-00719, his filing of a chapter 7 petition means that he is seeking a discharge in his

current case, and in fact he listed the Plaintiff as a creditor (as required).

So, the question that the Plaintiff faced as the Rule 4007(c) deadline approached,

was whether to file a complaint against the Defendant seeking the relief already afforded

in the prior declaratory judgment from this court in the chapter 13 case, or refrain from

suing and hope that the prior determination under § 523(c) in the chapter 13 case was

enough to except its claim from the discharge that may be entered in the current chapter 7

case.

Although there is authority for, and merit in, the proposition that § 523(c)(1) does

not invariably require that a separate determination be made each time a debtor is the

subject of a bankruptcy case in which a discharge is permitted,[2] the court hesitates to adopt

this approach in the present procedural context of a motion for default judgment, filed

without opposition and without briefing.  The court concludes that even if a second lawsuit

under § 523(c) is unnecessary given its prior determination in the chapter 13 case, the

Plaintiff's uncertainty and the Defendant's request for discharge implicit in filing a chapter

---

[2] *See Moncur v. Agricredit Acceptance Co. (In re Moncur)*, 328 B.R. 183, 189 (9th Cir. BAP 2005).

7 petition create a live controversy warranting declaratory relief in this case.  *See* Fed. R. Bankr. P. 7001(9); *cf.* 28 U.S.C. § 2201. Moreover, the entry of two judgments granting identical declaratory relief does not present the same risks as entering two money judgments for the same claim.  The court, therefore, will grant the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (ECF No. 7) is GRANTED and the Clerk will enter a judgment conforming to this Memorandum of Decision & Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Memorandum of Decision & Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Thomas G. King, Esq., Mr. Kevin Edward Bridges, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated March 24, 2018**



Scott W. Dales
United States Bankruptcy Judge